**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARLEY YOAKUM,

Defendant - Appellant.

No. 08-3183

(D. Kansas)

(D.C. No. 2:06-CR-20130-KHV-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Introduction

Defendant-Appellant Harley D. Yoakum pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced him to fifty-one months' imprisonment, a term that exceeded the high end of the advisory guidelines range by fourteen months.  Yoakum appeals the sentence imposed by the district court, arguing the court erred in applying an upward departure pursuant to § 4A1.3(a) of the United States Sentencing Guidelines ("U.S.S.G.").  Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Yoakum's sentence.

## II.    Background

Yoakum was charged in a single-count indictment with possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Yoakum pleaded guilty to the charge.  A Presentence Investigation Report ("PSR") was prepared in anticipation of sentencing.  Yoakum's total offense level was calculated at twelve.  His twenty-four criminal history points placed him in Criminal History Category VI.  The resulting advisory guidelines range was set at thirty to thirty-seven months.  The PSR noted Yoakum's twenty-four criminal history points were nearly twice the amount necessary to place him in Criminal History Category VI, a factor the PSR suggested might warrant an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1).

At the original sentencing hearing, the district court indicated it was considering an upward departure based on Yoakum's extensive criminal history and its belief Yoakum refused to acknowledge a history of substance abuse. At Yoakum's request, the hearing was continued to May 5, 2005. In the sentencing memorandum Yoakum filed with the court, he argued many of the crimes used to compute his criminal history category were "minor in nature" and were committed while he was a juvenile. The district court heard oral argument on the matter at the sentencing hearing and departed upward, imposing a fifty-one-month term of imprisonment.

## III. Discussion

An upward departure is warranted pursuant to U.S.S.G. § 4A1.3(a)(1) if a "defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The application notes in the sentencing guidelines explain that an upward departure should be imposed in cases involving "egregious, serious criminal record[s]." U.S.S.G. § 4A1.3 cmt. n.2(B). This court reviews upward departures under a unitary abuse of discretion standard, applying a four-part test to examine:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the

> record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

*United States v. Munoz-Tello*, 531 F.3d 1174, 1186 (10th Cir. 2008) (quotation omitted).

Yoakum's appellate challenge is limited to the assertion his criminal history is not sufficiently egregious or serious to warrant an upward departure from the advisory guidelines range. He admits he has a large number of criminal history points, but argues many of those points were imposed for relatively minor crimes committed when he was a juvenile. He also points to data compiled by the United States Sentencing Commission indicating defendants with more than twenty criminal history points do not have higher rates of recidivism than defendants who barely qualify for inclusion in Criminal History Category VI.

The district court based the upward departure on the continuous nature of Yoakum's criminal history and his failure to "learn[] any lesson at all . . . from [his] contact with the law enforcement and criminal justice system." In response to Yoakum's argument that none of his criminal history points were awarded "for crimes of violence," the court noted Yoakum had "a history of carrying weapons." The court then concluded "that a guideline sentence does not adequately capture [Yoakum's] likelihood of recidivating or the seriousness of [his] past criminal involvement."

The record demonstrates the depth and seriousness of Yoakum's criminal activity. His criminal history begins at the age of thirteen when he was convicted of misdemeanor theft. At the time the PSR was prepared in 2008, Yoakum was twenty-two years old and had amassed twenty-four criminal history points, nearly double the thirteen points necessary to place him in the highest Criminal History Category. The PSR reveals Yoakum's criminal behavior continued unabated despite several periods of incarceration. Further, the nature of the crimes became increasingly serious. While many of Yoakum's convictions were for misdemeanor property crimes, other convictions involved more weighty matters. At age fourteen, Yoakum was convicted of an offense involving drugs; by age nineteen he had two felony theft convictions; and at age twenty he was convicted of, *inter alia*, criminal possession of a firearm.

The record also reveals a high likelihood of recidivism. Yoakum incurred at least one new conviction or arrest for each and every year of his life, beginning at age thirteen. During that period, he was convicted of twelve different crimes and sentenced to a term of incarceration in each case. Yet he continued with his criminal behavior, frequently being arrested while on probation for an earlier crime or, in two instances, committing a criminal act while incarcerated.

The record provides solid support for the district court's conclusion that Yoakum's extensive, escalating criminal history and clear proclivity for

recidivism support an upward departure under § 4A1.3(a)(1).  The district court

did not abuse its discretion when it imposed the upward departure.

## IV.     Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge